# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CLINT W. JACOBS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 15-0614-CV-W-SRB-P |
| JEFF NORMAN, | ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, a convicted state prisoner currently confined at the Boonville Correctional Center in Boonville, Missouri has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions and 2011 sentences for first-degree burglary and violation of an order of protection, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner's convictions were affirmed on direct appeal. Doc. 11-5. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was denied following an evidentiary hearing (Doc. 11-6, pp. 88-101) and that denial was affirmed on appeal therefrom (Doc. 9-10).

**Statement of Facts**

In affirming Petitioner's convictions, the Missouri Court of Appeals, Western District, set forth the following facts:

> Mr. Jacobs and C.M. were married in 2008. On October 3, 2009, Mr. Jacobs left the home after an argument with C.M. C.M. subsequently changed the locks and filed for an order of protection. She testified that she was afraid of Mr. Jacobs and she slept in the living room rather than the bedroom to better hear noises at night. Mr. Jacobs did not object to this testimony. Around 3 a.m. on the morning of October 22, she woke up and saw Mr. Jacobs standing in the doorway of the kitchen. She ran to a neighbor's residence and asked the neighbor to call the police.
>
> Officers arrived at the home and did not locate Mr. Jacobs within the house. They searched the garage, and an officer noticed a trap door leading to a crawl space above the house. He found Mr. Jacobs, who was then taken into custody.

Doc. 11-5, pp. 2-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## Discussion

Petitioner raises the following grounds for relief (1) the prosecutor stated that Petitioner "entered the house to commit the crime of violation of ex parte" when Petitioner actually violated the ex parte order when he came onto the property; (2) Petitioner's convictions amount to double jeopardy; (3) the state used evidence of uncharged bad acts and crimes to secure Petitioner's convictions; and (4) trial counsel was ineffective for (a) advising Petitioner to reject a plea offer, (b) failing to advise Petitioner "of divorce when asked repeatedly," (c) failed to suppress Petitioner's confession on the basis that it was obtained in violation of *Miranda*,[2] and (d) failed to object to improper references to Petitioner's prior bad acts and to the complaining witness as a "victim." Doc. 1, pp. 5-10. Respondent contends that Grounds 1, 2, 3, 4(b), 4(c), and 4(d) are procedurally defaulted and that Ground 4(a) is without merit. Doc. 11, pp. 3-9.

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**I. Grounds 1, 2, 3, 4(b), 4(c), and 4(d) are procedurally defaulted.**

Respondent argues that Grounds 1, 2, 3, 4(b), 4(c), and 4(d) are procedurally defaulted. Doc. 11, pp. 3-9. In reply, Petitioner alleges that all of his claims were either "entered into some form of appeal" or were abandoned by counsel under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Doc. 13, pp. 1, 5.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan,* 54 F.3d at 1381. A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the cause and prejudice test, cause "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id*. at 753 (emphasis in original).

### *a. Grounds 1 and 2.*

In Ground 1, Petitioner argues that the prosecutor stated that Petitioner "entered the house to commit the crime of violation of ex parte" when Petitioner actually violated the ex parte order when he came onto the property. Doc. 1, p. 5. In Ground 2, Petitioner contends that Petitioner's convictions amount to double jeopardy. *Id*. at 7. Petitioner did not raise Grounds 1 or 2 in his motion for new trial, on direct appeal, or in his amended Rule 29.15 motion. Doc. 11-2, pp. 45-47; Doc. 11-3; Doc. 11-6, pp.

3

13-43. Consequently, Grounds 1 and 2 are procedurally defaulted. *See Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998).

Petitioner argues that the procedural default of Grounds 1 and 2 should be excused because his claims were abandoned by counsel pursuant to *Martinez, supra*. Doc. 13, pp. 1-3. Originally, in *Coleman, supra*, the United States Supreme Court held that, because there is no constitutional right to counsel in a state post-conviction proceeding, an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752-54. In *Martinez*, however, the Court recognized a "narrow exception" to *Coleman* by holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315 (alteration added).

Petitioner cannot use *Martinez* to excuse the procedural default of Grounds 1 and 2, because those grounds for relief are claims of trial court error that were defaulted at trial and on direct appeal and are not claims of ineffective assistance of trial counsel that were defaulted at an initial-review collateral proceeding. The United States Court of Appeals for the Eighth Circuit has specifically declined to extend the narrow exception in *Martinez* to claims alleging ineffective assistance of appellate counsel or trial court error. *See Dansby v. Hobbs*, 766 F.3d 809, 833-34 (8th Cir. 2014). The *Dansby* Court reasoned that "there is no logical necessity to expand *Martinez* from the ineffectiveness claim itself to the underlying claims" because "[a]s a practical matter, a petitioner in federal habeas needs only one winning claim to gain relief – if he's got a winning ineffectiveness claim he doesn't need another." *Id*. at 833-34 (internal quotation omitted). Accordingly, because Petitioner does not articulate Grounds 1 and 2 as claims of ineffective assistance of trial counsel, *Martinez* cannot excuse the procedural default of those grounds.

4

It is possible that Petitioner intended to articulate Grounds 1 and 2 as claims of ineffective assistance of trial counsel. Even if Grounds 1 and 2 could be construed as claims of ineffective assistance of trial counsel, Petitioner would still fail to establish cause under *Martinez*. To excuse the procedural default of a claim of ineffective assistance of trial counsel under *Martinez*, a petitioner must establish that either (1) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," or (2) appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* at 1317. To satisfy the second circumstance, "the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Furthermore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." *Martinez*, 132 S. Ct. at 1318

Petitioner fails to satisfy the foregoing standard. The record of Petitioner's post-conviction proceedings, including Petitioner's amended post-conviction motion, establishes that post-conviction counsel performed a full review of Petitioner's case and was familiar with the evidence presented at trial and the relevant legal issues. Doc. 11-6, pp. 13-43. Accordingly, Petitioner fails to establish that post-conviction counsel's decision to raise certain issues in the amended post-conviction motion and omit others was not a reasonable exercise of professional judgment. Furthermore, Petitioner fails to establish that the claims underlying Grounds 1 and 2 are "substantial" claims of ineffective assistance of trial counsel. In light of the presumption that post-conviction counsel acted reasonably, Petitioner fails to show that post-conviction counsel provided ineffective assistance under *Strickland* by not asserting Grounds 1 and 2 in his amended post-conviction motion. Consequently, Plaintiff fails to set forth cause for the procedural default of Grounds 1 and 2.

5

### *b. Ground 3.*

In Ground 3, Petitioner argues that the state used evidence of uncharged bad acts and crimes to secure Petitioner's convictions. Doc. 1, p. 8. Petitioner did not properly preserve Ground 3 for appeal because he failed to make a timely objection at trial. Doc. 11-5, p. 5. Accordingly, the Missouri Court of Appeals performed a discretionary plain error review of Ground 3 on direct appeal. *Id*. at 5-7. Specifically, the state appellate court found that the prior misconduct was probative of Petitioner's guilt under the circumstances and was relevant to negate Petitioner's defense and to establish that Petitioner intended to violate the order of protection. *Id*. at 7. Moreover, the state court found that Petitioner was not unduly prejudiced because other evidence established essentially the same facts and that manifest injustice did not result because Petitioner admitted the elements of the crimes in his interview with police. *Id*. at 7-8.

Although the state appellate court used its discretion to review Ground 3 for plain error, the mere fact that a state court performed a discretionary review for plain error cannot excuse the procedural default of an unpreserved claim. *Clark v. Bertsch*, 780 F.3d 873, 875-77 (8th Cir. 2015) (citing *Hayes v. Lockhart*, 766 F.2d 1247, 1253 (8th Cir. 1985)). Petitioner must otherwise demonstrate cause and prejudice for the default. *Id*. at 876. In his reply, Petitioner does not attempt to argue an external cause for the default of Ground 3 but instead restates that the evidence "allowed a more sinister picture in the minds of the jury than was warranted . . . [t]hereby prejudicing the case." Doc. 13, p. 2. Consequently, Plaintiff fails to set forth cause for the procedural default of Ground 3.

### *c. Grounds 4(b), 4(c), and 4(d).*

In Ground 4(b) Plaintiff alleges that trial counsel was ineffective for failing to advise Petitioner "of divorce when asked repeatedly." Doc. 1, p. 10. In Ground 4(c) Plaintiff alleges that trial counsel was ineffective for failing to suppress Petitioner's confession on the basis that it was obtained in violation of *Miranda*. *Id*. In Ground 4(d) Plaintiff claims that trial counsel was ineffective for failing to

object to improper references to Petitioner's prior bad acts and to the complaining witness as a "victim." *Id*. Petitioner raised Grounds 4(b), 4(c), and 4(d) in his initial post-conviction proceeding but did not brief these claims in his post-conviction appeal. Doc. 11-8. Consequently, Grounds 4(b), 4(c), and 4(d) are procedurally defaulted. *Sweet*, 125 F.3d at 1149.

In reply, Petitioner attempts to excuse the procedural default of Grounds 4(b), 4(c), and 4(d) by alleging that he was abandoned by counsel under *Martinez*. Doc. 13, pp. 2-5. However, because these grounds were raised in Petitioner's amended post-conviction motion but defaulted in his post-conviction appeal, *Martinez* cannot excuse Petitioner's default of these grounds. The *Martinez* Court clearly held that its holding did not "concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . .". *Martinez*, 132 S.Ct. at 1320. Accordingly, the United States Court of Appeals for the Eighth Circuit has held that "*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). The *Arnold* Court explained that, because "Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal . . . Arnold has already has his day in court; deprivation of a second day does not constitute cause." *Id*.

Like the petitioner in *Arnold*, Petitioner raised Grounds 4(b), 4(c), and 4(d) in his initial-review collateral proceeding and cannot use *Martinez* to excuse the procedural default of these claims on post-conviction appeal. As a result, Plaintiff fails to set forth cause for the procedural default of Grounds 4(b), 4(c), and 4(d).

In sum, Petitioner fails to assert cause for his procedural default of Grounds 1, 2, 3, 4(b), 4(c), and 4(d). Petitioner fails also to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) *cert. denied*, 549 U.S. 1036 (2006) (petitioner must present new evidence that affirmatively demonstrates that he is

7

actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception). As a result, Grounds 1, 2, 3, 4(b), 4(c), and 4(d) are procedurally defaulted and will be denied.

**II. Ground 4(a) is without merit.**

In Ground 4(a), Petitioner claims that trial counsel was ineffective for advising him to reject a plea offer. Doc. 1, p. 10. In order for Petitioner to successfully assert a claim for ineffective assistance of trial counsel, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland*, 466 U.S. at 687-88. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

To satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. This Court may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

The Missouri Court of Appeals, Western District, set forth the *Strickland* standard and denied Ground 4(a) as follows:

> In the case at bar, Appellant failed to satisfy the first prong of the *Strickland* analysis and demonstrate that counsel provided ineffective assistance in advising him about the plea offer. Trial counsel testified that, in advising Appellant about the plea offer, she told Appellant that she thought he had a chance of getting a better sentence than the twelve year lid or even the ten year sentence because of the circumstances surrounding the crime. Counsel stated that she never promised Appellant anything about the sentence he would receive. Counsel testified that she did not advise Appellant to reject the plea offer and, in fact, had encouraged him to accept the offer because of the

8

> evidence against him. Counsel also expressed her opinion that Appellant's statement at the sentencing hearing, in which he expressed no regret for his actions, likely caused the trial court to enter a harsher sentence.
>
> Appellant admitted at the motion hearing that counsel had explained to him that the range of punishment if he was convicted on the robbery count was from five years to fifteen years imprisonment and that, because he was a prior and persistent offender, he could receive a sentence of up to life imprisonment. He further acknowledged that counsel did not specifically advise him to reject the plea offer and that ultimately the decision to decline it was his own.
>
> . . . .
>
> Counsel's statements to Appellant regarding her opinion that, based upon the circumstances surrounding the offense, Apellant [sic] had a chance of receiving a sentence less than either of the plea offers constituted nothing more than a mere prediction of what the trial court might do at sentencing. Moreover, her prediction does not appear to have been grossly inaccurate and may well have even come to pass absent Appellant's subsequent comments during the sentencing hearing. Nothing was promised to Appellant, and the potential sentencing range was fully explained to him. The motion court did not clearly err in determining that Appellant failed to prove that counsel's performance was deficient. Point denied.

Doc. 11-10, pp. 6-7 (footnotes omitted, alterations added).

The state court's resolution of Ground 4(a) is reasonable and is entitled to deference. In holding that Petitioner's claim of ineffective assistance of trial counsel did not merit post-conviction relief, the state appellate court identified and applied reasonably the *Strickland* standard. Doc. 11-10, pp. 6-7. Insofar as the state courts found that trial counsel was credible and that Petitioner lacked credibility, credibility determinations are left for the state court to decide. *Graham*, 728 F.2d at 1540.

Because the state courts' determinations as to Ground 4(a) did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Ground 4(a) will be denied.

9

Case 4:15-cv-00614-SRB   Document 14   Filed 12/04/15   Page 9 of 10

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  December 4, 2015 .

10

Case 4:15-cv-00614-SRB   Document 14   Filed 12/04/15   Page 10 of 10